ALMIRA M. LOUDENSLAGER ET AL., PROSECUTORS, v. THE CLERK OF ATLANTIC COUNTY AND VENTNOR CITY.

Submitted July 2, 1914—Decided October 9, 1914.

Under the act of 1909, page 138, empowering municipalities to establish disposal plants, notice to property owners of the passage of an ordinance under which their property is sought to be taken is essential; notice of hearing before commissioners, appointed to assess the value of the land sought to be taken, is not sufficient.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutors, *J. Edward Ashmead.*

For the defendants, *John S. Westcott.*

The opinion of the court was delivered by

BLACK, J.   The writ of *certiorari* in this case was allowed by Mr. Justice Kalisch, to review the validity of an order made by him on May 23d, 1914, appointing three commissioners to fix the compensation to be paid for lands, owned by the prosecutors and sought to be condemned by Ventnor City, for use in connection with the construction and maintenance of a sewage disposal plant, proposed to be erected by the city. The proceedings are under the act (*Pamph. L.* 1909, *p.* 138, and *Pamph. L.* 1911, *p.* 724), and by an ordinance, which is known as ordinance No. 6 of Ventnor City.

There are six reasons urged by the prosecutors why this order should be set aside. It is only necessary to consider the first, which is fatal, and that is that the common council of Ventnor City did not give any notice of its intention to pass and adopt the ordinance authorizing the improvement. It is argued that because the statute under which the proceedings are authorized does not require notice, no notice is essential,

but the cases concerning assessments for benefits are quite uniform in holding that where the act is judicial in character, a notice is necessary, it being contrary to natural justice that a person should be bound by proceedings of a judicial character, affecting his person or property without having an opportunity to be heard (*Groel* v. *Newark*, 78 *N. J. L.* 142;) that class of cases cannot be distinguished in principle from the one under investigation, nor can it be successfully maintained that the determination by the city to establish a disposal plant and take the prosecutors' land for that purpose, is not an act essentially judicial in character. *Sears* v. *Atlantic City*, 73 *Id* 710. Nor is it sufficient that the prosecutors will receive notice in the condemnation proceedings and have an opportunity to be heard, because this notice only enables the landowners to be heard upon the question of the amount of the award. They are entitled to be heard upon the proceedings, which are liable to result in taking their land. *Sears* v. *Atlantic City*, 72 *Id.* 435. The order appointing commissioners, and all proceedings under it, must be set aside, with costs. .